# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARVEST BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-0206-CVE-FHM |
| | ) | |
| VERA D. EVANS; | ) | |
| OCCUPANTS OF THE PREMISES 1632 | ) | |
| N. DENVER AVE., TULSA COUNTY, | ) | |
| OKLAHOMA; | ) | |
| DENNIS SEMLER, Treasurer of Tulsa | ) | |
| County, Oklahoma; and | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF TULSA COUNTY, OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes on for consideration of defendant Vera D. Evans's notice of removal (Dkt. # 2), and motion for leave to proceed in forma pauperis (Dkt. # 3). Plaintiff Arvest Bank originally brought this action in the District Court of Tulsa County, Oklahoma. Dkt. # 2, at 32-36. Plaintiff's petition asserts claims (1) against Evans for default of a note in the sum of $5,768.25, plus interest thereon from May 23, 2018 at a daily rate of $1.02, plus attorney fees and costs, and (2) against all defendants for foreclosure of a mortgage that was granted by Evans to plaintiff as collateral securing the note. Id. at 35. Arvest moved for summary judgment. Id. at 19. On October 4, 2018, Tulsa County District Court Judge Daman Cantrell granted Arvest's motion, and entered summary judgment against all defendants. Id. at 21.

In reliance upon the representations and information set forth in defendant's motion for leave to proceed in forma pauperis and supporting affidavit, the Court finds that defendant Evans's motion

should be granted. However, for the reasons discussed below, the Court finds that the action should be remanded to the District Court for Tulsa County.

Evans removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Id. at 10. Under § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case where the parties are diverse in citizenship and the amount in controversy exceeds $75,000. In addition to the requirements of original jurisdiction, 28 U.S.C. § 1441(b)(2) lays out the "forum-defendant rule," which provides that a case may not be removed on the basis of diversity jurisdiction if any defendant is a citizen of the state in which the state-court action was brought. As the party removing the case to federal court, defendant bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. Dutcher v. Matheson, 733 F.3d 980, 985 (10th Cir. 2013). Section 1447 requires that a case be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

As an initial matter, Evans was named as a defendant in the state court action; however, in the caption of her notice of removal, Evans names herself as plaintiff. Dkt. # 2, at 1. A defendant may not unilaterally realign herself as a plaintiff in the caption of the notice of removal. Green Tree Fin. Corp. v. Arndt, 72 F.Supp.2d 1278, 1281 (D. Kan. 1999). Therefore, Evans remains a defendant in the removed action.[1]

---

[1] As noted, § 1441(b)(2) precludes removal where a defendant is a citizen of the state in which the action was brought. Evans states that she is a citizen of Oklahoma; therefore, she is a citizen of the state in which the action was brought. Dkt. # 2, at 10. Evans's presence in the suit as a "forum defendant" would arguably prevent removal. However, the Tenth Circuit's position is that the "forum-defendant rule" is procedural, not jurisdictional, and, thus, can be waived if no party urges its application to prevent removal. Am. Oil Co. v. McMullin, 433 F.2d 1091, 1093 (10th Cir. 1970) (concluding that the statutory predecessor to § 1441(b)(2) was procedural, not jurisdictional, and therefore waivable). Because Arvest has not moved to remand based on § 1441(b)(2), the Court may not apply § 1441(b)(2) to block removal.

2

Defendant removed this case following a decision of the District Court in and for Tulsa County, Oklahoma, granting plaintiff's motion for summary judgment in its entirety on October 4, 2018, and entry of a journal entry of judgment on October 23, 2018. The state court's decision constitutes a final judgment, and the time for appeal has run. Okla. Sup. Ct. R. 1.21. The Tenth Circuit has not addressed whether removal is proper after a state court has issued a final judgment. However, the Second, Fifth, Sixth, Ninth, and Eleventh Circuits have held that removal is improper and ineffective to vest jurisdiction in the federal court after a final state court judgment. Oviedo v. Hallbauer, 655 F.3d 419, 423-24 (5th Cir. 2011) ("Removal is simply not possible after a final judgment and the time for direct appellate review has run."); Ohio v. Doe, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."); Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation."); Ristuccia v. Adams, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court."); Aurora Loan Servs., LLC v. Allen, No. 18-11569, 2019 WL 625820, at *3 (11th Cir. Feb. 14, 2019) ("We find the reasoning of our sister circuits persuasive and hold that, insofar as Allen attempted to remove the foreclosure action and final judgment, there was no state-court action pending at the time to remove, inasmuch as nothing remained for the state courts to do but execute the judgment."); see also Wright & Miller, Federal Practice & Procedure § 3721.1 (Rev. 4th ed. 2019) ("[D]efendants may not remove a case from a state court to a federal court after the state court has entered a final judgment that terminates the

3

litigation."); 32A Am. Jur. 2d Federal Courts § 1286 (2019) ("[W]hen all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."). The Court finds the reasoning of these circuit courts to be persuasive, and is unable to identify any compelling reason to hold otherwise. Thus, the Court finds that a defendant may not collaterally attack a state court judgment by "removing" the case to this Court. Accordingly, the Court finds that the present case is not removable and that remand is necessitated.[2]

---

[2] Even if defendant were permitted to remove the action following a final judgment, the Court would most likely lack subject-matter jurisdiction for other reasons. A defendant's notice of removal must include a good-faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Owens v. Dart Cherokee Basin Operating Co., 135 S.Ct. 547, 553-54 (2014). In determining whether the amount in controversy requirement has ben satisfied, courts may rely on their "judicial experience and common sense[.]" Roe v. Michelin N.A., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). In the petition, plaintiff seeks damages in the amount of $5,768.25, plus pre-judgment and post-judgment interest, and reasonable costs and attorney fees. Dkt. # 2, at 35. In her notice of removal, however, defendant Evans asserts, without more, that "the matter in controversy exceeds the value of $75,000 . . . ." Id. at 10. Defendant fails to provide any explanation whatsoever as to why the amount in controversy alleged in the notice of removal is nearly $70,000 higher than the amount alleged in plaintiff's petition. Where, as here, the Court questions defendant's allegations regarding the amount in controversy, the Court normally requires defendant to provide evidence establishing the amount in controversy. Owens, 153 S.Ct. at 554 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). However, because the Court finds that it lacks jurisdiction due to the fact that the case was removed following a final judgment, the Court need not conduct a further inquiry into the amount in controversy alleged.

**IT IS THEREFORE ORDERED** that defendant Vera D. Evans's motion for leave to proceed in forma pauperis (Dkt. # 3) is **granted**.

**IT IS FURTHER ORDERED** that this matter is remanded to the District Court in and for Tulsa County, State of Oklahoma, Case No. CJ-2018-2357, for all further proceedings.

**DATED** this 29th day of April, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE